**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG DIVISION**

**ROBERT ISADORE RICHARDSON,**

      **Petitioner-Defendant,**

                              **Civil Action No. 3:12-cv-3**
**v.**                             **Criminal Action No. 3:05-cr-40**
                              **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

      **Respondent-Plaintiff.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE**
**RECOMMENDING THAT THE DISTRICT COURT DENY PETITIONER'S MOTION**
**UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

## I. INTRODUCTION

On January 10, 2012, Petitioner-Defendant Robert Isadore Richardson ("Petitioner"),

proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence

by a Person in Federal Custody ("Motion"). (Civil Action No. 3:12-cv-3, ECF No. 1; Criminal

Action No. 3:05-cr-40, ECF No. 196 ("Mot.").) That same day, the Clerk of Court mailed Petitioner

a Notice of Deficient Pleading, which informed him that he had twenty-one days to correct his

Motion by filing it on the correct form as per Local Rule of Prisoner Litigation Procedure 3.4 and

by filing a certificate of service. (Criminal Action No. 3:05-cr-40, ECF No. 199.) On February 9,

2012, the undersigned entered an Order for Petitioner to show cause within fourteen days as to why

his case should not be dismissed without prejudice for failure to file the correct form. (Criminal

Action No. 3:05-cr-40, ECF No. 201.) Petitioner filed his correct form ("Court-Approved Motion")

with the Court on February 13, 2012 (Civil Action No. 3:12-cv-3, ECF No. 2; Criminal Action No.

3:05-cr-40, ECF No. 202 ("Court-Approved Mot.")), along with a Memorandum in Support

(Criminal Action No. 3:05-cr-40, ECF No. 204 ("Memo. in Supp.")) and an Affidavit of Truth and

Facts ("Affidavit") (Criminal Action No. 3:05-cr-40, ECF No. 208 ("Aff.")).

On February 14, 2012, the undersigned entered an Order directing Respondent, the United States of America ("Respondent" or "Government") to answer Petitioner's motion. (ECF No. 209.)[1] On March 12, 2012, the Government filed a Motion for Extension of Time to File Response/Reply. (ECF No. 213.) That same day, the undersigned entered an Paperless Order granting the Government's motion and directing that the Government's response be filed by March 16, 2012. (ECF No. 214.) The Government filed its response to Petitioner's motion on March 16, 2012. (ECF No. 215 ("Resp.").)

The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge dismiss Petitioner's Motion.

## II. FACTS

### A. Conviction and Sentence

On May 18, 2005, the Grand Jury, sitting in Martinsburg, returned a two-count Indictment against Petitioner. (Indictment, ECF No. 1.) Count One charged Petitioner with possession with the intent to distribute approximately 4.0 grams of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C). (*Id.* at 1.) Count Two charged Petitioner with possession with the intent to distribute approximately 16.20 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B).[2] (Minute Entry, ECF No. 87.)

---

[1] All docket numbers from here forward refer to filings in Criminal Action No. 3:05-cr-40.

[2] Count Two of the Indictment filed on May 18, 2005 charged Petitioner with possession with the intent to distribute approximately 2.70 grams of cocaine base, in violation of 21 U.S.C.

On May 8, 2006, Petitioner signed a plea agreement in which he proposed to plead guilty to Count Two of the Indictment charging him with possession with the intent to distribute 16.20 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Plea Agreement, ECF No. 88.) In the agreement, Petitioner waived his right to appeal and collaterally attack his sentence. Specifically, Petitioner's plea agreement contained the following language concerning his waiver:

> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. **Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The**

---

§§ 841(a)(1) & 841(b)(1)(C). (Indictment, ECF No 1.) However, on March 3, 2006, the Government filed a motion to continue trial, stating that the "/s/" page from a previous draft of Count Two of the Indictment was inadvertently submitted to the Court with the original Indictment. (United States' Motion to Continue, ECF No. 67.) This draft version charged Petitioner with possession with the intent to distribute 2.70 grams of cocaine base. (*Id.*) However, Petitioner was provided an initial appearance and arraignment on the draft version of Count Two as opposed to the Count Two actually returned by the Grand Jury. (*Id.*) The Government averred that it had located one copy of Count One, one copy of Count Two alleging 16.20 grams of cocaine base and containing the original signatures of the foreperson and United States Attorney, and one copy of Count Two alleging 2.70 grams of cocaine base containing the "/s/" in the Clerk's file. (*Id.*) The Government also reviewed the Grand Jury testimony and determined that the Grand Jury was provided with the 16.20 gram weight, and from a review of Jencks Act material provided to Petitioner, it appeared that he was aware of the evidence–the 16.20 grams–presented to the Grand Jury. (*Id.*) Therefore, the Government asked for a continuance so that Petitioner could be arraigned on the appropriate charge. (*Id.*) On March 6, 2006, the Government made an oral motion to dismiss the current Count Two (charging 2.70 grams), which was granted by oral order made by Judge Broadwater. (*See* Docket Sheet, Criminal Action No. 3:05-cr-40.) At a status conference held before Judge Broadwater on March 15, 2006, Petitioner was provided with a correct copy of the Indictment. (Order on Status Conference, ECF No. 72.) "The court then reviewed the charges and the correct drug weight alleged in the indictment. The indictment was read and the Defendant entered a plea of not guilty to the charges listed in the indictment." (*Id.*)

United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

(*Id.* at 4 (emphasis added).)

Petitioner appeared before the late Honorable W. Craig Broadwater, United States District Judge, that same day to enter his plea of guilty. (Plea Hrg. Tr. at 1, ECF No. 101.) At the time of his plea, Petitioner was 40 years old and had graduated from high school. (*Id.* at 5:8-12.) The Court asked Petitioner if he understood that he was giving up the right to appeal any sentence within the maximum provided, and Petitioner replied that he did. (*Id.* at 12:22-13:8.) The Court also asked Petitioner if he understood that he was giving up his right to file a habeas petition, and Petitioner replied that he did. (*Id.* at 13:1-8.) Petitioner's counsel answered in the affirmative when asked if he believed Petitioner fully understood the importance of the appellate waiver. (*Id.* at 13:9-12.) Petitioner affirmed that he and his counsel had discussed the ramifications of the entire plea agreement. (*Id.* at 13:22-24.) The Court reviewed all the rights Petitioner was giving up by entering a plea of guilty. (*Id.* at 20:2-21:22.) During the hearing, the Government presented the testimony of Officer Brian Bean, Trooper for the West Virginia State Police, to establish a factual basis for the plea. (*Id.* at 22:14-23:24.) Petitioner did not contest Officer Bean's testimony. (*Id.* at 24:7-16.)

After the Government presented Officer Bean's testimony, Petitioner advised the Court that he was guilty of Count Two of the Indictment. (*Id.* at 24:23-25:2.) Petitioner testified under oath that no one had attempted to force him to plead guilty and that his plea was not the result of any promises other than those in the plea agreement. (*Id.* at 25:3-13.) When asked, Petitioner acknowledged that his counsel had adequately represented him and that his counsel had not left anything undone. (*Id.* at 25:25-26:6.) At the conclusion, Judge Broadwater determined that

Petitioner's plea was made freely and voluntarily, that Petitioner was competent and capable of entering an informed plea, that Petitioner was aware of the consequences of his guilty plea, and that there was a basis in fact for his plea. (*Id.* at 26:11-20.) Petitioner did not object to the Court's finding.

Petitioner appeared before Judge Broadwater for sentencing on August 8, 2006. (Judgment in a Criminal Case, ECF No. 98.) Judge Broadwater sentenced Petitioner to 210 months imprisonment followed by a four-year term of supervised release. (*Id.*)

On July 27, 2007, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 103.) In this motion, he alleged, *inter alia*, ineffective assistance of trial counsel for the failure to file an appeal despite being instructed to do so. (Memo. of Law Supp. Movant's Mot. to Vacate, ECF No. 104.) On June 23, 2008, the Honorable James E. Seibert, United States Magistrate Judge, entered a Report and Recommendation in which he recommended that Petitioner's three other claims be denied and that an evidentiary hearing be held regarding Petitioner's claim that counsel failed to file an appeal. (ECF No. 121.) An evidentiary hearing was held before Magistrate Judge Seibert on September 5, 2008. (ECF No. 133 at 1.) On October 24, 2008, Magistrate Judge Seibert entered a Report and Recommendation recommending that Petitioner's motion be granted on the issue that he instructed his attorney to file an appeal and his attorney failed to do so, and that his original judgment be vacated and Petitioner be resentenced. (ECF No. 141.) By Orders dated March 16, 2009, and April 30, 2009, the Honorable John Preston Bailey, Chief United States District Judge, adopted Magistrate Judge Seibert's two Reports and Recommendations. (ECF Nos. 148, 151.)

Petitioner appeared before Chief Judge Bailey for resentencing on December 11, 2009.

(Judgment in a Criminal Case, ECF No. 169.)  Chief Judge Bailey sentenced Petitioner to 210 months incarceration followed by a four-year term of supervised release.  (*Id.*)

**B.    *Direct Appeal***

Petitioner pursued a direct appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit").  On appeal, Petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he asserted that there were no meritorious issues for appeal, but questioned whether the District Court committed plain error by accepting Petitioner's guilty plea.  *United States v. Richardson*, 422 F. App'x 196, 197, 2011 WL 1335197, at *1 (4th Cir. Apr. 8, 2011) (per curiam).  Petitioner filed a supplemental *pro se* brief raising the following claims: (1) the District Court erred by amending the Indictment without presenting it to a grand jury; (2) the District Court abused its discretion by proceeding with the amended Indictment without presenting it to a grand jury; (3) counsel was ineffective for failing to file a motion to suppress; (4) counsel was ineffective by not appealing Petitioner's designation as a career offender; and (5) the District Court abused its discretion by refusing to apply a 1:1 ratio of crack to powder cocaine.  *Id.*

By per curiam opinion, the Fourth Circuit determined that Petitioner validly waived his right to challenge his sentence on appeal and therefore waived his right to challenge the failure to apply a 1:1 ratio.  *Id.*  Furthermore, the Fourth Circuit determined that Petitioner did not waive his right to appeal his conviction, but that his first two *pro se* issues were waived by his guilty plea because they were "antecedent, non-jurisdictional errors."  *Id.*, 422 F. App'x at 198, 2011 WL 1335197, at *2.  The Fourth Circuit did not rule on Petitioner's ineffective assistance of counsel claims, finding that a motion to vacate was the proper vehicle for these claims.  *Id.*  Petitioner did not pursue a writ of certiorari with the United States Supreme Court.

*C.*      ***Federal Habeas Corpus***

**1.**      **Petitioner's Motion**

In his Court-Approved Motion, Petitioner raises the following claims:

1.      Title 21 of the United States Code was never enacted by Congress;

2.      The District Court lacked subject-matter jurisdiction under 21 U.S.C. § 841;

3.      The District Court committed error by allowing Petitioner to enter a guilty plea to a count in the original Indictment without being formally arraigned on that count; and

4.      The District Court abused its discretion at sentencing by not adopting a 1:1 ratio of crack cocaine to cocaine hydrochloride.

(Court-Approved Mot. at 9-14.)

In his Memorandum in Support, Petitioner reiterates the first and third claims listed above; however, he raises them as ineffective assistance of counsel claims by arguing that both trial and appellate counsel were ineffective for failing to raise these arguments.  (Memo. in Supp. at 2-6.)[3]

In his Affidavit, Petitioner raises the following additional claims:

1.      Trial and appellate counsel were ineffective for failing to challenge subject-matter jurisdiction;

2.      Trial and appellate counsel were ineffective for not challenging the complaint and arrest warrant;

3.      Trial counsel was ineffective for not challenging the grand jury on the basis that individual grand jurors were not legally qualified to serve;

4.      Trial and appellate counsel were ineffective for not seeking dismissal of the Indictment on the grounds that it violated the Speedy Trial Act; and

5.      Trial and appellate counsel were ineffective for not investigating Petitioner's prior

---

[3] Petitioner did not number the pages of his Memorandum in Support.  Therefore, when referring to this document, the Court will utilize the numbering of the document filed using CM/ECF.

convictions used to apply career offender status at sentencing.

(Aff. at 2-5.)

## 2. Government's Response

In its Response, the Government moves to dismiss Petitioner's Motion because Petitioner waived his right to file a collateral attack as part of his plea agreement. (Resp. at 2-3.) The Government further asserts that Title 21 was properly enacted by Congress and that the District Court had subject-matter jurisdiction pursuant to 21 U.S.C. § 841. (*Id.* at 3.) Furthermore, the Government argues that Petitioner has waived his claims regarding arraignment and the District Court's failure to apply a 1:1 ratio through his guilty plea. (*Id.* at 4.)

## 3. Petitioner's Reply

Petitioner had until April 13, 2012 to file a reply to the Government's response; however, he did not file a reply.

## D. *Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's Motion be denied and dismissed from the docket.

## III. ANALYSIS

### A. *Petitioner's Claims Alleging Ineffective Assistance of Counsel Have No Merit*

#### 1. Standard Governing Claims of Ineffective Assistance of Counsel

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." *Id.* Second, "the defendant must show that the deficient performance

prejudiced the defense." *Id.* These two prongs are commonly referred to as the "performance" and "prejudice" prongs. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" *Hunt v. Lee*, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. *See Strickland*, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. *See id.* at 691. In the context of a guilty plea, a petitioner must demonstrate that there is a reasonable probability that but for his attorney's alleged mistakes, he would not have pled guilty and instead would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel when analyzing ineffective assistance of counsel claims. First, there are "personal" decisions that require the defendant's consent, such as the decision to enter a guilty plea, the decision to waive a trial by

jury, the decision to appeal, and the decision of whether to testify at trial. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (citations omitted). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." *Id.* (quoting *United States v. Teague*, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." *Harrington v. Richter*, 131 S. Ct. 770, 790 (2011) (citations omitted) (internal quotation marks omitted).

The right to effective assistance of counsel extends to a defendant's first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). However, appellate counsel has no constitutional duty to raise all nonfrivolous issues requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). As the *Jones* Court recognized, "by promulgating a *per se* rule that the client, not the professional advocate, must be allowed to decide what issues are to be pressed, the Court of Appeals seriously undermine[d] the ability of counsel to present the client's case in accord with counsel's professional evaluation." *Id.* However, the Fourth Circuit has held that when applying the *Strickland* test to claims of ineffective assistance of appellate counsel, "reviewing courts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)).

### 2. Petitioner Validly Waived His Collateral Attack Rights

#### a. Law Governing Waivers of Direct Appeal and Collateral Attack Rights

"[T]he guilty plea and the often concomitant plea bargain are important components of this

country's criminal justice system. Properly administered, they can benefit all concerned." *Blackledge v. Allison*, 431 U.S. 63, 71 (1877). However, the advantages of plea bargains are only secure when "dispositions by guilty plea are accorded a great measure of finality." *Id.* The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has recognized that the Government often secures waivers of both appellate and collateral attack rights "from criminal defendants as part of their plea agreement." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

The Fourth Circuit has held that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is 'the result of a knowing and intelligent decision to forgo the right to appeal.'" *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994) (citations omitted). However, a defendant still retains the right to appellate review on limited grounds, such as when a sentence above the maximum penalty provided by statute is imposed or when a sentence is imposed based on a constitutionally impermissible factor. *Id.* at 732. Furthermore, the *Attar* court recognized that a defendant cannot "fairly be said to have waived his right to appeal his sentence" on the ground that he was wholly deprived of counsel during sentencing procedures. *See id.*

Eleven years later, the Fourth Circuit determined there was no reason to distinguish between waivers of appellate rights and waivers of collateral attack rights. *Lemaster*, 403 F.3d at 220 n.2. The Fourth Circuit noted that all courts of appeals to have considered the issue have "held that the right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary." *Id.* at 220. The *Lemaster* court did not address whether the same exceptions that were noted by the *Attar* court apply to a waiver of collateral attack rights, but it did note that it saw "no

reason to distinguish" between the two. *Id.* at 220 n.2; *see also United States v. Cannady*, 283 F.3d 641, 645 n.3 (4th Cir. 2000) (collecting cases where the court has determined that waivers of § 2255 rights are generally valid).

The Fourth Circuit has not yet defined the scope of collateral attack waivers and so has not yet "defined the extent to which an ineffective assistance of counsel claim can be precluded by a § 2255 waiver." *Braxton v. United States*, 358 F. Supp. 2d 497, 502 (W.D. Va. 2005). However, several courts have held that collateral attack waivers should be subjected to the same conditions and exceptions applied to waivers of direct appellate rights. *Cannady*, 283 F.3d at 645 n.3 (collecting cases). Furthermore, most courts of appeals have determined that waivers of collateral attack rights encompass claims "that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver." *Braxton*, 358 F. Supp. 2d at 503; *see also Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) ("In other words, can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?")

**b.     Law Governing Whether a Waiver is Knowing and Intelligent**

The Fourth Circuit has held that the determination of whether a waiver of appellate and collateral attack rights is "knowing and intelligent" "depends 'upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused.'" *Attar*, 38 F.3d at 731 (quoting *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992)). This determination is often made upon reviewing the "adequacy of the plea colloquy" and determining, in particular, "whether the district court questioned the defendant about the appeal waiver." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). However, an ultimate decision

is "evaluated by reference to the totality of the circumstances." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002).

### 3. Petitioner's Claim of Ineffective Assistance of Counsel Regarding Arraignment

#### a. Petitioner's Claim Falls Within the Scope of His Collateral Attack Waiver

In his Court-Approved Motion, Petitioner asserts that the District Court erred by allowing him to enter a guilty plea without being formally arraigned on the count to which he pled guilty. (Court-Approved Mot. at 12.) In his Memorandum in Support, Petitioner claims that both trial and appellate counsel were ineffective for failing to challenge the Indictment based on this argument. (Memo. in Supp. at 6; Aff. at 3.) However, the undersigned finds that Petitioner's claim falls squarely within the scope of his collateral attack waiver.

As an initial matter, because Petitioner is alleging ineffective assistance of counsel for conduct occurring **before** the entry of his guilty plea, Petitioner has waived the right to collaterally attack his sentence based on this conduct. *See Lemaster*, 403 F.3d at 220 & n.2; *Cannady*, 283 F.3d at 645 n.3; *Attar*, 38 F.3d at 731, 732; *Braxton*, 358 F. Supp. 2d at 503. Furthermore, "a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975). A defendant who enters a voluntary guilty plea cannot later "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Menna*, 423 U.S. at 62 n.2 ("A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established."). Therefore, a valid guilty plea waives constitutional challenges to the

pretrial proceedings, including arraignments. *See United States v. Lewis*, 355 F. App'x 693, 695, 2009 WL 4506458, at *2 (4th Cir. Dec. 4, 2009) (citations omitted).

The undersigned finds that Petitioner's waiver of his right to bring a motion pursuant to § 2255 is knowing and intelligent. *See Attar*, 38 F.3d at 731. At the Rule 11 plea colloquy before Judge Broadwater, Petitioner testified that he received a high school education and that he did not have a disability or hearing impairment that would prevent him from participating in the hearing. (Plea Hrg Tr. at 5:10-20.) Judge Broadwater also specifically asked Petitioner if he understood that he was giving up his right to appeal any sentence within the maximum and his right to file a collateral attack, and Petitioner replied that he understood. (*Id.* at 12:22-13:8; 19:15-20.); *see also Blick*, 408 F.3d at 169. Petitioner also testified that he reviewed the plea agreement with his attorney before signing it. (*Id.* at 13:22-24.) At the end of the plea colloquy, Judge Broadwater noted that Petitioner was competent and capable to enter a guilty plea, that he made his plea freely and voluntarily, and that he understood the consequences of his guilty plea. (*Id.* at 26:11-15.) Therefore, Petitioner has waived his right to raise any claims relating to his arraignment on Count Two, the count to which he pled guilty.

In sum, the undersigned finds that Petitioner knowingly and intelligently waived his right to collaterally attack his sentence as part of his plea agreement. Furthermore, the undersigned finds that Petitioner's claims of ineffective counsel regarding the arraignment fall within the scope of his collateral attack waiver. Therefore, the undersigned recommends that Petitioner's claim be dismissed.

### b. Petitioner's Claim Has No Merit

Notwithstanding the fact that Petitioner waived his right to collaterally attack his sentence,

Petitioner's claim is without merit. First, Petitioner cannot demonstrate that his counsel's failure to challenge the arraignment falls outside the " wide range of reasonable professional assistance." *Carter*, 283 F.3d at 249. "A failure to arraign only warrants a reversal if it causes prejudice or impairs a substantial right." *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998) (citing *Garland v. Washington*, 232 U.S. 642 (1914)); *see also United States v. Bouruff*, 909 F.2d 111, 117-18 (5th Cir. 1990) (failure to arraign defendant on superseding indictment was harmless error because the defendant was fully aware of the facts in the superseding indictment and did not object until after the jury was empaneled and sworn).

Here, Petitioner has not demonstrated prejudice; in fact, it appears from the record that Petitioner was arraigned on the correct Count Two. Petitioner did not challenge the arraignment in the District Court; therefore, a review is for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Vonn*, 535 U.S. 55, 59 (2002). Under the rule governing arraignments, an arraignment "must consist of: (1) ensuring that the defendant has a copy of the indictment or information; (2) reading the indictment or information to the defendant or stating to the defendant the substance of the charge; and then (3) asking the defendant to plead to the indictment or information." Fed. R. Crim. P. 10(a). Here, the District Court complied with Rule 10(a) during the status conference on March 15, 2006. The Court provided Petitioner with a correct copy of the Indictment and reviewed the charges and correct drug weight with Petitioner. (Order on Status Conference, Criminal Action No. 3:05-cr-40, ECF No. 72.) The Court then read the Indictment, and Petitioner entered a plea of not guilty to both charges. (*Id.*) Therefore, because the District Court complied with Rule 10(a), there was no error.

Furthermore, Petitioner cannot demonstrate how trial counsel's failure to challenge the allegedly improper arraignment prejudiced his defense because counsel's alleged error had no effect

on the judgment. *See Strickland*, 466 U.S. at 691. Similarly, Petitioner's appellate counsel was not ineffective for failing to raise this issue on appeal because such an appeal would have been meritless. *See Jones*, 463 U.S. at 751 (appellate counsel has no constitutional duty to raise all issues requested by the client); *see also Jackson v. United States*, 473 F. Supp. 2d 640 (D. Md. 2006) (finding that counsel was not ineffective for failing to raise on appeal the fact that petitioner was arraigned on the superseding indictment on day six of his eleven-day trial).

### 4. Petitioner's Other Claims of Ineffective Assistance of Counsel Prior to Sentencing

In his Memorandum in Support and Affidavit, Petitioner raises other various claims of ineffective assistance of counsel prior to sentencing. Specifically, Petitioner claims that trial counsel was ineffective for not challenging the validity of Title 21 of the United States Code and for not challenging the subject-matter jurisdiction of the Court. (Memo. in Supp. at 4-6.) He also asserts that appellate counsel was ineffective for not raising these issues on direct appeal. (*Id.*) Furthermore, Petitioner alleges that trial counsel was ineffective for not challenging the complaint and arrest warrant; for not challenging the grand jury on the basis that individual grand jurors were not legally qualified to serve; and for not seeking dismissal of the Indictment on the grounds that it violated the Speedy Trial Act. (Aff. at 2-3, 5.) Petitioner also asserts that appellate counsel was ineffective for not challenging the complaint and arrest warrant and for not seeking dismissal of the Indictment on direct appeal. (*Id.* at 3.)

The undersigned finds that Petitioner's claims are without merit. As an initial matter, because Petitioner is alleging ineffective assistance of counsel for conduct occurring **before** the entry of his guilty plea, Petitioner has waived the right to collaterally attack his sentence based on this conduct. *See Lemaster*, 403 F.3d at 220 & n.2; *Cannady*, 283 F.3d at 645 n.3; *Attar*, 38 F.3d

at 731, 732; *Braxton*, 358 F. Supp. 2d at 503.  Furthermore, as discussed above, Petitioner's waiver was made knowingly and intelligently.

With regards to Petitioner's claim that counsel was ineffective for failing to challenge the validity of Title 21 of the United States Code and the subject-matter jurisdiction of the Court, the undersigned finds that these claims are simply frivolous.  The Fourth Circuit has previously upheld the constitutionality of the legislation creating Title 21 of the United States Code.  *United States v. Leshuk*, 65 F.3d 1105, 1111-12 (4th Cir. 1995) (determining that Section 401(a)(1) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 is constitutional because "Congress has the authority under the Commerce Clause to criminalize the intrastate possession, distribution, and sale of controlled substances").  Furthermore, the fact that a defendant is charged with crimes against the United States confers subject matter jurisdiction on the Court.  *See* 18 U.S.C. § 3231.  In Petitioner's case, the Government had jurisdiction to charge him with crimes involving possession with the intent to distribute drugs.  Because the Court had jurisdiction, Petitioner cannot prove that counsel's alleged failure to raise this issue with the Court was prejudicial to his defense, and his claim of ineffective assistance of counsel must fail.  *See Strickland*, 466 U.S. at 687.

With regards to the other claims of ineffective assistance Petitioner raises against trial counsel, Petitioner has simply made unsubstantiated assertions against counsel.  Petitioner has failed to demonstrate why trial counsel should have challenged the complaint and arrest warrant; in fact, the undersigned notes that no complaint was ever filed as part of Petitioner's case.  Furthermore, Petitioner has not demonstrated how individual grand jurors were not qualified to serve, nor has he detailed why counsel should have sought dismissal of the Indictment because of an alleged violation of the Speedy Trial Act.  Therefore, because Petitioner has failed to provide support for these claims

against trial counsel, the undersigned recommends that they be dismissed.

Finally, Petitioner has failed to demonstrate why appellate counsel was ineffective for failing to challenge the constitutionality of Title 21, the District Court's subject-matter jurisdiction, and the complaint and arrest warrant, and also for failing to raise the alleged Speedy Trial Act violation on appeal. Appellate counsel has no constitutional duty to raise all issues requested by the client. *Jones*, 463 U.S. at 751. As noted above, Petitioner's claims regarding Title 21 and the Court's subject-matter jurisdiction are frivolous, and so appellate counsel, like trial counsel, was not ineffective for failing to raise them on direct appeal. Furthermore, Petitioner has not provided any supporting evidence for his claims regarding the complaint and arrest warrant and dismissal of the Indictment. This Court "must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett*, 996 F.2d at 1568 ). Therefore, the undersigned recommends that these claims, as they apply to appellate counsel, also be dismissed.

### 5. Petitioner's Claim of Ineffective Assistance of Counsel at Sentencing

#### a. Petitioner's Claim Falls Within the Scope of His Collateral Attack Waiver

As his last claim of ineffective assistance of counsel, Petitioner asserts that both trial and appellate counsel were ineffective for failing to challenge two of Petitioner's prior Maryland convictions that were used to apply the career offender status at sentencing. (Aff. at 4, 5.) According to Petitioner, he did not have counsel in Case No. 298271006 and a violation of his Fourth Amendment rights occurred in Case No. 294039058. (*Id.*) However, the undersigned finds that Petitioner's claim falls within the scope of his collateral attack waiver.

As noted above, a petitioner's claims of ineffective assistance of counsel at sentencing fall

outside the scope of a collateral attack waiver only if the petitioner has been completely deprived of counsel.  *See Lemaster*, 403 F.3d at at 220 n.2; *Attar*, 38 F.3d 732-33.  The Fourth Circuit has determined that classification as a career offender falls within the scope of the appellate and collateral attack waiver.  *See United States v. Woodson*, 369 F. App'x 517, 518-19, 2010 WL 882884, at *1 (4th Cir. Mar. 11, 2010) (determining that defendant validly waived his right to appeal his classification as a career offender where the plea waiver stated that he waived his right to appeal "the conviction and any sentence within the statutory maximum"); *see also White v. United States,* Nos. 5:98-CR-158-BO, 5:11-CV-98-BO, 2011 WL 2144634, at *2 n.1 (E.D.N.C. May 31, 2011); *Vaught v. United States*, Nos. 4:1-cv-70262-RBH, 4:08-cr-00375-RBH, 2010 WL 5141657, at *6 (D.S.C. Dec. 10, 2010).  Furthermore, claims regarding sentence enhancements do not fall outside the scope of this waiver.  *See, e.g., Millon v. United States*, Nos. 3:08cv338, 3:05cr341, 2009 WL 3258580, at *4 (W.D.N.C. Oct. 7, 2009) (finding that the waiver provision in the petitioner's plea agreement was an "absolute bar" to his claim that his sentence enhancement under U.S.S.G. § 2D1.1 was improper).

Here, Petitioner alleges that his trial and appellate counsel failed to investigate two of his prior Maryland convictions that were used to apply the career offender status at sentencing.  These claims do not suggest that Petitioner was wholly deprived of counsel during sentencing proceedings, and so the undersigned finds that they fall within the scope of the collateral attack waiver contained in Petitioner's plea agreement.  *See Woodson,* 369 F. App'x at 518-19, 2010 WL 882884, at *1; *White*, 2011 WL 2144634, at *2 n.1; *Vaught*, 2010 WL 5141657, at *6; *Millon*, 2009 WL 3258580, at *4.  Furthermore, the undersigned has already determined that Petitioner's waiver of his right to bring a motion pursuant to § 2255 is knowing and intelligent.

In sum, the undersigned finds that Petitioner knowingly and intelligently waived his right to collaterally attack his sentence as part of his plea agreement. Furthermore, the undersigned finds that Petitioner's claims of ineffective counsel regarding his career offender status fall within the scope of his collateral attack waiver. Therefore, the undersigned recommends that this claim be dismissed.

### b. Petitioner's Claim Has No Merit

Notwithstanding the fact that Petitioner waived his right to collaterally attack his sentence, Petitioner's claim is without merit. "Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a Section 2255 proceeding." *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999). Section 2255 cases are reserved "for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while Section 2255 applies to violations of statutes establishing maximum sentences it does not usually apply to errors in the application of the sentencing guidelines." *Id.* at 284 (citations omitted). Furthermore, "with the exception of a conviction obtained without counsel, a defendant may not attack, at his sentencing hearing, a prior conviction used to enhance a federal sentence." *McDaniel v. United States*, Nos. 3:09cv366, 3:05cr14, 2011 WL 940505, at *8 (W.D.N.C. Mar. 15, 2011) (citing *Custis v. United States*, 511 U.S. 485 (1994)).

Here, Petitioner asserts that counsel was ineffective for not investigating two of his prior convictions. Specifically, he asserts that did not have counsel for his Maryland conviction in Case No. 298271006 and a violation of his Fourth Amendment rights occurred in his Maryland conviction in Case No. 294039058. (Aff. at 4-5.) However, under *Custis*, counsel could only be deficient for failing to argue that Petitioner's sentence in Case No. 298271006, if obtained without counsel, could

not count as a prior conviction for purposes of sentencing as a career offender.

Even assuming, however, that Petitioner's trial counsel was "not functioning as the 'counsel' guaranteed" for failing to raise this argument at sentencing, *see Strickland*, 466 U.S. at 687, Petitioner cannot establish prejudice to his defense. Under the United States Sentencing Guidelines, a defendant is considered to be a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a). In the Pre-Sentence Report, the Probation Officer noted that Petitioner had been convicted of three felonies–all controlled substances offenses–that qualified under § 4B1.1. (Pre-Sentence Report, Criminal Action No. 3:005-cr-40, ECF No. 94 at 3.) At sentencing, Chief Judge Bailey noted that Petitioner "now stands convicted of his fourth felony drug offense." (Sentencing Hrg. Tr. at 8:17-18, Criminal Action No. 3:05-cr-40, ECF No. 102.) However, one of these–Petitioner's conviction for CDS: Unlawful Distribution and Manufacturing in Baltimore City Circuit Court, Case No. 298271006–was the one Petitioner claims was obtained without counsel. Even if this conviction were not counted against Petitioner for purposes of determining career offender status, the Court would have still determined that Petitioner qualified as a career offender because of his other two controlled substances offenses. *See* U.S. Sentencing Guidelines Manual § 4B1.1(a)(3). Therefore, because Petitioner has not established any prejudice to his defense as required by the second prong of *Strickland*, this claim should be dismissed as to trial counsel. *See Strickland*, 466 U.S. at 691.

Similarly, because Petitioner qualified as a career offender even if the conviction obtained

without counsel was not considered, Petitioner cannot establish the requisite prejudice against appellate counsel. As noted above, appellate counsel is not constitutionally required to raise every issue requested by the defendant. *Jones*, 463 U.S. at 751. Petitioner has not demonstrated that he would have been successful if this issue were raised on appeal. This Court "must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett*, 996 F.2d at 1568 ). Therefore, the undersigned recommends that this claim, as it applies to appellate counsel, also be dismissed.

**B.** **_Petitioner Is Barred From Raising His Abuse of Discretion Claim on Collateral Attack_**

As his final ground for relief, and his only ground not alleging ineffective assistance of counsel, Petitioner asserts that the District Court abused its discretion at his sentencing by not adopting a 1:1 ratio of crack to powder cocaine. (Court-Approved Mot. at 14.) The Fourth Circuit has held that issues previously rejected on direct appeal may not be raised by prisoners in a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). In Petitioner's case, the Fourth Circuit determined that his claim challenging the District Court's failure to apply a 1:1 ratio fell "squarely within the scope of the waiver provision." *Richardson*, 422 F. App'x at 197, 2011 WL 1335197, at *1. Petitioner may not now recast this claim under the guise of a collateral attack. In fact, Petitioner himself acknowledges that he raised this issue on direct appeal to the Fourth Circuit. (Court-Approved Mot. at 14.) Therefore, the undersigned recommends that this claim be dismissed.

## IV. OTHER MATTERS

Petitioner filed four various motions with his Court-Approved Motion on February 13, 2012. First, Petitioner filed a Motion for Hearing. (Criminal Action No. 3:05-cr-40, ECF No. 204.) In

general, a court is required to hold an evidentiary hearing regarding a motion made pursuant to § 2255 unless it is clear from the record, pleadings, and files that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *United States v. Witherspoon,* 231 F.3d 923, 925–27 (4th Cir. 2000); *Raines v. United States,* 423 F.2d 526, 529–30 (4th Cir. 1970). An evidentiary hearing is required if a petition presented a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is needed to resolve the issue. *Witherspoon*, 231 F.3d at 925-27; *Raines*, 423 F.2d at 530. As demonstrated above, the pleadings, record, and files in Petitioner's case conclusively show that Petitioner is not entitled to relief. Therefore, the undersigned recommends that Petitioner's Motion for Hearing be denied.

Petitioner also filed an Application to Proceed Without Prepayment of Fees and Affidavit. (Criminal Action No. 3:05-cr-40, ECF No. 205.) Because "[n]o filing fee is required for filing a petition under Title 28 U.S.C. Section 2255," LR PL P 22.4, the undersigned recommends that Petitioner's Application be denied as moot.

Petitioner also filed a Motion for Appointed Counsel. (Criminal Action No. 3:05-cr-40, ECF No. 206.) Prisoners do not enjoy "a constitutional right to counsel when mounting collateral attacks upon their convictions." *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987). Under this Court's Local Rules, the Court "may, in its discretion, appoint an attorney to represent a *pro se* prisoner at any point in the proceedings if it finds that a particular need or exceptional circumstance exists." LR PL P 16. However, the undersigned finds that no particular need or exceptional circumstance exists in Petitioner's case and recommends that Petitioner's Motion for Appointed Counsel be denied.

Also on February 13, 2012, Petitioner filed a Motion to Amend Complaint. (Criminal Action

No. 3:05-cr-40, ECF No. 207.)  In this motion, Petitioner seeks leave to amend his Court-Approved

Motion to include a prayer for money damages in the amount of $7 million for personal injury from

false incarceration; $7 million for mental anguish; and an unspecified amount for physical injuries,

mental anguish, and lost wages.  (*Id.*)  On February 16, 2012, the Government filed an Objection

to Defendant's Motion to Amend (Criminal Action No. 3:05-cr-40, ECF No. 210.)  In this Objection,

the Government opposes Petitioner's Motion to Amend because 28 U.S.C. § 2255 does not provide

for money damages.  (*Id.* at 2.)  Section 2255 provides that "the court shall vacate and set the

judgment aside and shall discharge the prisoner or resentence him or grand a new trial or correct the

sentence as may appear appropriate."  28 U.S.C. § 2255(b); *see also United States v. Hadden*, 475

F.3d 652, 661 (4th Cir. 2007) ("Accordingly, the end result of a successful § 2255 proceeding must

be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and

one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3)

or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence.").  Therefore,

because § 2255 does not provide for monetary damages, the amendment Petitioner seeks would be

futile, and the undersigned recommends that Petitioner's Motion to Amend be denied.

On March 28, 2012, Petitioner filed a Motion to Dismiss Extension of Time for the

Government Response to Plaintiff Motion.  (Criminal Action No. 3:05-cr-40, ECF No. 217.)  In this

motion, Petitioner asserts that the Government did not have good cause for seeking an extension of

time until March 16, 2012 in which to file a response to Petitioner's § 2255.  (*Id.*)  On March 12,

2012, the Government filed a Motion for Extension of Time to File Response/Reply (Criminal

Action No. 3:05-cr-40, ECF No. 213), which the undersigned granted by Paperless Order that same

day (ECF No. 214).  Given that the undersigned found good cause for the Government's motion and

granted it before Petitioner filed this motion to dismiss, the undersigned recommends that Petitioner's Motion to Dismiss Extension of Time be denied as moot.

On April 17, 2012, Petitioner filed a Motion to Dismiss for Lack of Personal Jurisdiction Subject Matter Jurisdiction Federal Rule Civil Procedure 12(B)(1) (B)(2) B(3) B(5) and B(C). (Criminal Action No. 3:05-cr-40, ECF No. 221.) In this motion, Petitioner asks the Court to dismiss his action in its entirety because, as he alleges, the Court did not have jurisdiction over him because Title 21 of the United States Code was never enacted into law. (*Id.* at 1-8.) However, as discussed above, Title 21 of the United States Code is constitutional, and the Court did have subject-matter jurisdiction over Petitioner's prosecution. *See supra* Part III.A.4. Therefore, the undersigned recommends that Petitioner's Motion to Dismiss be denied.

## V. RECOMMENDATION

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 3:12-cv-3, ECF No. 1; Criminal Action No. 3:05-cr-40, ECF No. 196) be **DENIED** and **DISMISSED**. Furthermore, the undersigned recommends that Petitioner's Motion for Hearing (Criminal Action No. 3:05-cr-40, ECF No. 204) be **DENIED**; Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit (Criminal Action No. 3:05-cr-40, ECF No. 205) be **DENIED AS MOOT**; Petitioner's Motion to Appoint Counsel (Criminal Action No. 3:05-cr-40, ECF No. 206) be **DENIED**; Petitioner's Motion to Amend (Criminal Action No. 3:05-cr-40, ECF No. 207) be **DENIED**; Petitioner's Motion to Dismiss Extension of Time (Criminal Action No. 3:05-cr-40, ECF No. 217) be **DENIED AS MOOT**; and Petitioner's Motion to Dismiss for Lack of Personal Jurisdiction Subject Matter Jurisdiction (Criminal Action No. 3:05-cr-40, ECF No. 221)

be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Robert Isadore Richardson.

**DATED**: April 26, 2012

David J. Joel
_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE