# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ROBERT ISADORE RICHARDSON**,

    Petitioner,

v.                                            **Civil Action No. 3:12-cv-3**
                                                **Criminal Action No. 3:05-cr-40**
                                                **(BAILEY)**

**UNITED STATES OF AMERICA**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    Introduction**

The above-styled matter is currently pending before this Court upon the Report and Recommendation ("R&R") filed by Magistrate Judge David J. Joel [Cr. Doc. 223 / Civ. Doc. 6] regarding petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Cr. Doc. 196 / Civ. Doc. 1]. The Petitioner's Objections to Report and Recommendation [Cr. Doc. 225] were filed May 18, 2012. In his R&R, the magistrate judge recommends the petition be denied and dismissed.

**II.    Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections [Cr. Doc. 225] on May 18, 2012. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. The remainder of the R&R will be reviewed for clear error.

### III.     Factual and Procedural History

On May 8, 2006, the petitioner entered into a plea agreement with the United States. [Cr. Doc. 87]. He agreed to plead guilty to Count Two of the Indictment returned in criminal action 3:05-cr-40. (Id.) Count Two alleged that the defendant/petitioner possessed with intent to distribute 16.20 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Id.) Petitioner's plea agreement included an appeal waiver, including a wavier of appeal pursuant to 28 U.S.C. § 2255. ([Cr. Doc. 88] ¶ 10).

At the change of plea hearing, the defendant plead guilty to Count Two of the Indictment charging that the defendant was found in possession of 16.20 grams of cocaine base, also known as "crack cocaine." [Cr. Doc. 87]. When the defendant entered his plea of guilty before this Court, the Court inquired whether the defendant's plea was free and voluntary. (Plea Tran. at 13). The Court also inquired whether the defendant had gone

over the plea agreement with his counsel and whether he understood the consequences of pleading guilty. (Id.) The Court found that the defendant's plea to the possession of 16.20 grams of cocaine base was knowing and voluntary. (Id. at 25-26). Further, petitioner had the opportunity to dispute the factual basis of plea. (Id. at 24-25). At no point did he indicate that he was unaware of the amount of cocaine base he to which he was pleading guilty. (*See generally* Plea Tran.). Instead, petitioner entered into a knowing, free, and voluntary plea before this Court as to possession of 16.20 grams of cocaine base. (Plea Tran. at 13-25). As such, petitioner waived his right to attack the sufficiency of the Indictment. See **Tollett v. Henderson**, 411 U.S. 258, 266-67 (1973).

On August 8, 2006, the defendant was sentenced by Judge W. Craig Broadwater to a term of imprisonment of two-hundred and ten (210) months, to be followed by four (4) years of supervised release. Importantly, no notice of appeal was filed.

On July 27, 2007, the *pro se* petitioner filed a motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence [Cr. Doc. 103]. On October 5, 2007, the Government was Ordered to answer petitioner's § 2255 Motion. [Cr. Doc. 105]. On November 29, 2007, the Government timely filed its response to petitioner's motion. [Cr. Doc. 109]. Petitioner filed his Reply on March 4, 2008. [Cr. Doc. 111]. On April 7, 2008, petitioner filed a supplemental brief in support of his motion. [Cr. Doc. 113].

On June 23, 2008, Magistrate Judge Joel issued a R&R [Cr. Doc. 121] finding that an evidentiary hearing was required on whether petitioner had asked his attorney to file an appeal of his sentence. The R&R recommended that all of the petitioner's other claims should be dismissed. Magistrate Judge Joel concluded that the petitioner had "knowingly, intelligently, and voluntarily waived the right to collaterally attack the sentence." ([Cr. Doc.

121] at 12).

In so finding, the Court found that "[a] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." *Tollett*, 411 U.S. at 266-67. The petitioner argues that his plea was not knowing and voluntary because of the 'alleged constitutional infirmity' of being arraigned on a version of Count Two which due to clerical error included a different cocaine base amount than that in the signed Grand Jury Indictment. [Cr. Doc. 126]. The Supreme Court's holding in *Tollett* belies that argument. Petitioner at no point argued that he did not know or understand the crime to which he was pleading guilty. Further, petitioner pled guilty to the amount of cocaine base the Grand Jury charged him with possessing; petitioner had knowledge of the charges against him; and admitted to the charges in open court after stating he understood his rights and the consequences of pleading guilty.

Based on the reasoning above, the Court found that the petitioner's plea was free and voluntary, and that petitioner waived his right to collaterally attack his sentence except with regard to his claim that his counsel failed to file a notice of appeal on his behalf.

Additionally, at the defendant's change of plea hearing, he was asked whether he understood the plea agreement (Plea Tran. at 13); whether he had gone over it with counsel (Id. at 13); whether he understood the appellate and post-conviction rights waiver

4

(Id.); whether he agreed with the terms of the agreement (Id.); and whether he agreed with the factual basis of the plea as presented at the hearing (Plea Tran. at 24-25). He answered in the affirmative to all these questions. The Court also went over with the petitioner all the rights that he was giving up by pleading guilty. (Id. at 13-22). The defendant stated that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 24-26).

Petitioner also stated at the change of plea hearing that his guilty plea was not a result of any promises other than those contained in the plea agreement. (Plea Tran. at 25). Petitioner stated that his attorney had adequately represented him and that his attorney had left nothing undone. (Id. at 25-26). Finally, petitioner stated that he was pleading guilty because he was in fact guilty of the crime charged. (Id. at 26).

At the end of the hearing, the Court found that the petitioner's plea was free and voluntarily (Plea Tran. at 26); that petitioner understood the consequences of pleading guilty (Id.); and that the elements of Count Two of the Indictment were established beyond a reasonable doubt (Id.). The petitioner did not object to these findings. (Id.)

On July 9, 2008 petitioner filed objections to the R&R [Cr. Doc. 126]. Petitioner objected to the R&R on the grounds that the R&R did not address his Sixth Amendment claims, and that he was not properly arraigned on the count to which he pled guilty. (Id.)

First, petitioner's Sixth Amendment claims for ineffective assistance of counsel were addressed in the R&R as Magistrate Judge Joel found that "petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the sentence with the exception of an evidentiary hearing to determine whether petitioner requested his attorney to file an appeal . . .." ([Cr. Doc. 121] at 12). Petitioner's waiver of rights in the plea

5

agreement is valid and enforceable and as such, the petitioner is barred from bringing any ineffective assistance of counsel claims that do not "call into question the validity of the plea or the § 2255 waiver itself, or do not relate to the plea agreement or the waiver . . .." ***Braxton v. United States***, 358 F.Supp.2d 497, 503 (W.D. Va. 2005) (citing collected authorities). Here, petitioner's ineffective assistance of counsel related to: (1) the motion to suppress, (2) failure to obtain **Brady v. Maryland** materials, and (3) failure to challenge the Indictment. (*See generally* [Cr. Doc. 103]). As none of petitioner's claims "call into question the validity of the plea or the § 2255 waiver itself, or do not relate to the plea agreement or the waiver," the petitioner's claims were properly considered and denied by the Magistrate Judge. *See **Braxton***, 358 F.Supp.2d at 503 (citing collected authorities).

Second, petitioner also objected to the R&R on the grounds that because he was not properly arraigned on Count Two, the Court had no jurisdiction to sentence him, and petitioner's guilty plea was not knowing or intelligent. ([Cr. Doc. 126] at 1-2). To the extent that this issue was raised in petitioner's initial § 2255 motion, it was also addressed by Magistrate Judge Joel's finding that "petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the sentence with the exception of an evidentiary hearing to determine whether petitioner requested his attorney to file an appeal . . .." ([Cr. Doc. 121] at 12).

Petitioner argued that he was not properly arraigned because he was arraigned on an improperly filed Indictment. ([Cr. Doc. 126] at 1-2). Specifically, Count Two of the Indictment filed with the Court stated that petitioner was charged with possession of 2.7 grams of cocaine base. ([Cr. Doc. 67] ¶ 6). The originally docketed Count Two was

6

dropped as it was filed as a clerical error. [Cr. Doc. 68]. The Government presented evidence to the Grand Jury that petitioner was in possession of 16.20 grams of cocaine base at the time of his arrest ([Cr. Doc. 67] ¶ 7), and the Indictment returned by the Grand Jury charged petitioner with possession of 16.20 grams of cocaine base [Cr. Doc. 87]. As indictments are filed without the signature of the Grand Jury Foreperson, however, the Government–in error–filed an earlier version of Count Two with the Court substituting the /s/ in place of the foreperson's signature. ([Cr. Doc. 67] ¶¶ 5-6).

On May 8, 2006, the Government filed a copy of the original Indictment returned by the Grand Jury. [Cr. Doc. 87]. The document charged defendant in Count Two with possession of 16.20 grams of cocaine base. (Id.) Additionally, prior to this amendment the Government turned over to petitioner's counsel all *Jencks* material. ([Cr. Doc. 67] ¶ 8). As such, petitioner cannot argue that he was not aware of the evidence presented to the Grand Jury prior to the Government's correction of the Indictment.

Therefore, this Court adopted the magistrate judge's R&R which denied all claims except the ineffective assistance of counsel claim insofar as it pertained to counsel's failure to file a notice of appeal. Accordingly, this Court set this matter for a resentencing for the sole purpose of permitting him to file a notice of appeal.

On August 8, 2008, the petitioner appeared before this Court for resentencing. [Cr. Doc. 93]. The Court considered several factors in sentencing defendant including: the circumstances of the crime and the defendant, and the sentencing objectives of punishment. [Cr. Doc. 98]. The Court sentenced defendant to a term of 210 months imprisonment, 4 years of supervised release, a fine of $1,100.00, and a special assessment fee of $100.00. The Judgment and Commitment Order was entered on August

28, 2008. [Cr. Doc. 98]. The petitioner filed the notice of appeal, and the Fourth Circuit affirmed this Court's imposition of sentence. The instant petition followed.

The instant petition reasserts several of the issues previously rejected by this Court in the first § 2255 petition. Insofar as the petition fails to raise any new or compelling arguments related to this Court's prior rulings, this Court finds no reason to revisit the same. This Court finds these issues were adequately addressed by the magistrate judge in the most recent Report and Recommendation, and this Court hereby adopts the R&R for the reasons stated therein. Accordingly, those claims are hereby **DENIED** and **DISMISSED**.

### PETITIONER'S OBJECTIONS

The petitioner's first objection relates to a contractual theory of mutual mistake in the formation of the plea agreement. The petitioner specifically states:

> The contractual doctrine of mutual mistake voids the plea agreement in the case if this court determines that the doctrine of mutual mistake does not apply. It should then consider first the validity of the waiver and then the scope of the waiver. At this point it is unclear whether Mr. Richardson El['s] collateral attack waiver was knowing and voluntary even if this court finds that [he] knowingly waived his right to collaterally attack his sentence[, his] challenge under 28 U.S.C. [§] 2255 is is outside the scope of the waiver, [and] therefore does not preclude this court from granting [him] relief.

Although the petitioner's argument is difficult to follow, it appears that he asserts that the alleged "mutual mistake" is based on his failure to understand the element of the crime requiring the drugs to have flowed in interstate commerce. Thus, the petitioner alleges that his guilty plea cannot be voluntary because he did not have an appreciation of the law in

8

relation to the facts. The petitioner's failure to understand the law goes deeper than he alleges. Specifically, Section 841(a)(1) of Title 21 of the United States Code provides, in part, that: "(a) ... it shall be unlawful for any person knowingly or intentionally – (1) to ... distribute, ... a controlled substance . . .." In order to sustain its burden of proof for the crime of distribution of a controlled substance as charged in Count 2 of the Indictment, the Government must prove the following two (2) essential elements beyond a reasonable doubt: (1) that the defendant knowingly and intentionally distributed approximately 16.20 grams of cocaine base, also known as "crack," the controlled substance described in Count 2 of the Indictment; and (2) that at the time of such distribution, the defendant knew that the substance distributed was cocaine base, also known as "crack," a controlled substance.

Simply put, it is not an element of the offense for distribution of crack cocaine that the drugs traveled in interstate commerce. Accordingly, the petitioner's objection is misplaced, and the same must be **OVERRULED**.

The petitioner's second objection essentially restates his first objection. Accordingly, the objection is **OVERRULED** for the same reasons.

Accordingly, the Court finds that petitioner's objections are without merit and should be **OVERRULED**, and the Magistrate Judge's Report and Recommendation should be **ADOPTED**.

## ADDITIONAL CLAIMS

The petitioner filed several other frivolous motions which this Court will briefly address. Petitioner filed two motions requesting counsel [Docs. 206 & 232]. These motions are **DENIED**. The Fourth Circuit Court of Appeals has recognized that "[t]here is

no right to counsel in post-conviction proceedings." *Hagie v. Pinion*, 995 F.2d 1062 (4th Cir. 1993) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987)). In *Pennsylvania v. Finley*, the Supreme Court stated "the equal protection guarantee of the Fourteenth Amendment does not require the appointment of an attorney for an indigent appellant just because an affluent defendant may retain one. 'The duty . . . under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims . . ..'" 481 U.S. at 556 (quoting *McKane v. Durston*, 153 U.S. 684 (1894)).

Further, the petitioner filed a Motion to Supplement Pleading Before the Court Pursuant to FRCP15(c) [Cr. Doc. 227]. In his Motion, the petitioner asks this Court to consider the Supreme Court's decision in *Depierre v. United States*, 131 S.Ct. 2225 (2011), wherein the Court vacated a conviction in which the defendant was not informed as to which form of "cocaine base" with which he was charged. In this case, however, although the petitioner argues he was not apprised of the exact form of cocaine base to which he plead, the record clearly reflects that he was notified the substance was "crack cocaine" several times. For instance, the Indictment [Doc. 1] uses the term "crack," the plea agreement [Doc. 88] expressly states on the first page that the defendant "will plead guilty to . . . possession with the intent to distribute . . . 'crack,'" and the change of plea hearing transcript [Doc. 101 at p. 15] reveals that the petitioner was asked if he understood the Indictment charged him with possession with the intent to distribute "crack." The defendant responded in the affirmative. The petitioner's reliance on *Depierre* is

disingenuous. Therefore, the Motion to Supplement Pleading Before the Court Pursuant to FRCP 15(c) **[Cr. Doc. 227]** is **DENIED**.

## **CONCLUSION**

Upon consideration of the above, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation **[Cr. Doc. 223 / Civ. Doc. 1]** should be **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 3:12-cv-3, **[Civ. Doc. 1]**) and Criminal Action No. 3:05-cr-40, **[Cr. Doc. 196]** are **DENIED** and **DISMISSED**. Furthermore, the Petitioner's Motion for Hearing **[Cr. Doc. 204]** is **DENIED**; Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit **[Cr. Doc. 205]** is **DENIED AS MOOT**; Petitioner's Motion to Appoint Counsel **[Cr. Doc. 206]** is **DENIED**; Petitioner's Motion to Amend **[Cr. Doc. 207]** is **DENIED**; Petitioner's Motion to Dismiss Extension of Time **[Cr. Doc. 217]** is **DENIED AS MOOT**; and Petitioner's Motion to Dismiss for Lack of Personal Jurisdiction Subject Matter Jurisdiction **[Cr. Doc. 221]** is **DENIED**. Further, the petitioner's Motion to Supplement Pleading Before the Court Pursuant to FRCP15(c) **[Cr. Doc. 227]** is **DENIED**, and the petitioner's letter dated July 26, 2012, which this Court construes as a Motion to Appoint Counsel **[Cr. Doc. 232]** is also **DENIED**. Finally, the petitioner's Objections **[Cr. Doc. 225]** are hereby **OVERRULED**.

Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: October 4, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE